PANDUIT CORP., Plaintiff–Appellee,

v.

DENNISON MANUFACTURING COMPANY, INC., Defendant–Appellant.

No. 88–1028.

United States Court of Appeals, Federal Circuit.

Dec. 24, 1987.

Charles F. Pigott, Jr., Pigott & Gerstman, Ltd., Chicago, Ill., represented plaintiff-appellee.

Clyde F. Willian, Willian Brinks Olds Hofer Gilson & Lione, Ltd., Chicago, Ill., represented defendant-appellant.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

### ORDER

Panduit has moved for dismissal of this appeal as frivolous and for attorney fees. *See* Fed.R.App.P. 38. Dennison has filed a motion to dismiss Panduit's motion. If their respective motions are not granted, Panduit requests an expedited briefing schedule and Dennison requests time to file a brief in response to Panduit's motion to dismiss. Dennison moves for acceptance of its appellant's brief as an out-of-time response to Panduit's motion to dismiss.

Dennison's appeal is from a judgment entered by Judge Grady of the Northern District of Illinois on September 11, 1987, in which it was adjudged that Dennison had infringed all 28 claims of the three patents in suit[1] and had failed to carry its burden of establishing invalidity of any of those claims. Dennison moved in the district court for a judgment limited to the four claims stipulated as "representative" at trial, asserting that the district court was bound by what Dennison chooses to call "the mandate rule" and pointing to a fact statement in this court's opinion in *Panduit Corp. v. Dennison Manufacturing Co.*, 810 F.2d 1561, 1 USPQ2d 1593 (Fed. Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987), i.e., that only "representative" claims were considered on appeal.

Judge Grady accompanied the judgment with a Memorandum Opinion dated September 11, 1987:

> This case is pending before the court on the cross-motions of the parties for entry of a judgment order conforming to their respective views of what has been decided to date. Plaintiff takes the position that all 28 claims in suit should be declared valid and infringed and that the accounting phase of the case should determine which of defendant's products

infringed any of those 28 claims. Defendant, on the other hand, contends that the only thing adjudicated as a result of the trial and the subsequent appellate proceedings is that the four "representative" claims are valid and infringed.

Resolution of the dispute depends upon the interpretation given the pretrial stipulation of the parties that plaintiff would submit four claims "as representative claims." The court agrees with plaintiff that at the time of trial this stipulation was understood by the parties, their counsel, and the court to mean that these four claims would "represent" *all* of the claims in the case and that whatever result the court reached as to those four claims would be the result for all claims. This clear understanding was memorialized by the defendant itself when it prepared and submitted the first judgment order in the case, which the court accepted and entered on December 6, 1984. In describing the pretrial stipulation that had been entered into by the parties, that judgment order recited (paragraph 4) that certain claims

> ... are representative claims of the respective patents, and a resolution of the issues with respect to a representative claim of a patent is a resolution with respect to all asserted claims of that patent.

After the first decision of the Court of Appeals for the Federal Circuit, a new judgment order was entered, again prepared by the defendant. Paragraph 2 of this judgment order, entered on December 11, 1985, recited that defendant "has failed to carry its burden of proof of invalidity on the respective asserted claims of the following patents," and then specifically enumerated *each* of the 28 claims in question.

Obviously, then, defendant and its trial counsel knew that all 28 claims had been litigated and adjudicated in the trial. It was not until new counsel entered the case that any question arose as to wheth-

---

**1.** One is liable for patent infringement if one claim be infringed. Dennison's infringement of the representative claims would presumably also constitute infringement of what it calls the broader nonrepresentative claims, the validity of which, Dennison stipulated, would be governed by that of the representative claims.

er the trial had involved all 28 claims. In Dennison's Memorandum in opposition to Panduit's Proposed Judgment Order, filed May 27, 1987, counsel state that "... Dennison inadvertently agreed to the December 11, 1985, judgment which was improper in scope." P. 3. The court is confident that Dennison's trial counsel would not make that statement. The import of the statement is that when Dennison's trial counsel drafted and presented the December 11, 1985, judgment order, they believed that the trial had involved only four claims but, notwithstanding that belief, included in the order language which stated the exact opposite. The suggestion is absurd, and the fact that Dennison's present counsel would make it is, to say the least, disappointing. Perhaps in recognition of the fact that credulity has its limits, they have not attempted any explanation whatever of the language in the December 6, 1984, judgment order.

The term "representative claims" is well understood in patent litigation, and the procedure followed in this trial is familiar to any experienced patent litigator. For Dennison to suggest at this point that the court and the parties intentionally tried this case in a way that left unresolved the question of the validity of 24 of the 28 claims plaintiff was asserting is outside the bounds of legitimate advocacy.

As Panduit points out, the 24 non-representative claims were presumed valid, and it was Dennison's burden to prove that they were invalid. Dennison failed to do so (as it recognized in explicit terms when it drafted the judgment order of December 11, 1985 (paragraph 2) [)]. Dennison's proof of the invalidity of the representative claims was deemed insufficient by the Federal Circuit, and that insufficiency necessarily adheres to the non-representative claims. Moreover, even if some sensible argument could be made that the appellate decision in regard to the representative claims does not carry over to the other claims, Dennison has still not suggested how the other claims could have emerged from the trial other than intact. There was no stipulation that the other claims would not be tried, so the best that can be said for Dennison is that it allowed the presumption of validity to go unchallenged.

We fully agree that the assertions of Dennison's present counsel before the district court were "absurd," "disappointing," and "outside the bounds of legitimate advocacy." Dennison's filing of the present appeal, in the face of its stipulation and the foregoing Memorandum Opinion, constitutes an unquestionably frivolous and flagrant abuse of the judicial process, wasteful of the resources of this court and of both parties, and unfair not only to other litigants having legitimate bases for appeal and a right to the expeditious administration of justice in their cases, but to the citizens whose taxes pay for this court and its staff.[2]

There is no need for an expedited briefing schedule. Nor was there need for Dennison to undertake the further wasteful expense of a brief opposing Panduit's motion to dismiss, Judge Grady's Memorandum Opinion being clearly and unequivocally devoid of error. Informed by the Clerk that briefs were not necessary, Dennison filed its appellant's brief and moved for its acceptance as a response to Panduit's motion to dismiss. Nothing in that brief establishes error on the part of the district court.

ACCORDINGLY, it is ORDERED:

(1) Panduit's Motion to Dismiss the appeal as frivolous is granted.

(2) Panduit's Motion to Expedite Appeal is denied as moot.

(3) Dennison's Motion to Dismiss Panduit's Motion to Dismiss is denied.

(4) Dennison's Motion to Extend Time to Respond is denied.

2. In the words of Elihu Root, "[a]bout half of the practice of a decent lawyer is telling would-be clients that they are damned fools and should stop." *See McCandless v. Great Atlantic & Pacific Tea Co.,* 697 F.2d 198, 201–02 (7th Cir.1983).

(5) Dennison's motion for acceptance of its appellant's brief as a response to the motion to dismiss is granted.

(6) Dennison shall pay to Panduit the costs and attorney fees incurred by Panduit in connection with this appeal.